IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| MOMNT TECHNOLOGIES, INC. | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No. 1:23-cv-02832-SCJ |
| | ) | |
| v. | ) | |
| | ) | |
| WASATCH MENS GROUP, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff Momnt Technologies, Inc. ("Momnt"), moves for entry of default judgment against Defendant Wasatch Mens Group, LLC ("Wasatch").

Wasatch is presently in default, which the Clerk entered on July 26, 2023. As a result, the well-pleaded facts in the Complaint are deemed admitted by Wasatch. As set forth below, those now-admitted facts show that Momnt is entitled to default judgment on its claims for breach of contract, conversion, attorney's fees and equitable relief.

Accordingly, Momnt respectfully requests that the Court grant a default judgment on liability against Wasatch and convene a hearing on Momnt's damages.

## I. <u>STATEMENT OF RELEVANT FACTS</u>

Plaintiff filed this action against Wasatch on June 26, 2023, alleging claims for breach of contract and conversion. ECF 1. The Complaint seeks damages, attorney's fees and equitable relief. *Id.*

Wasatch was served with the Complaint and Summons on June 30, 2023. *See* ECF 4, Return of Service Executed. Wasatch was required to file a responsive pleading by July 21, 2023. See Fed. R. Civ. P. 12(a)(1)(A)(i). Wasatch failed to file a responsive pleading by July 21, 2023.

Momnt moved for entry of a default by the Clerk against Wasatch on July 26, 2023. ECF 5. The Clerk entered default against Wasatch on July 26, 2023.

Plaintiff's Complaint alleges the following well-pleaded facts in support of its claims for breach of contract, conversion, attorney's fees and equitable relief:

- Momnt provides an embedded lending solution for businesses to provide low-friction, affordable financing to their customers at the point of need. Compl. ¶ 11.
- Wasatch owns and operates a network of 42 men's health clinics around the country. Comp. ¶ 12.
- Wasatch and Momnt entered into a Merchant Agreement (the "Merchant Agreement"), dated as of November 18, 2022, pursuant to which Wasatch

would be permitted to use Momnt's lending solution in exchange for a fee for each closed loan. Compl. ¶ 15.

- The Merchant Agreement incorporated by reference the Operating Instructions, which are available on Momnt's website at https://www.momnt.com/operating-instructions/. Compl. ¶ 16.
- From November 18, 2022 to present, Momnt has received hundreds of complaints from Wasatch customers. Compl. ¶ 18.
- Several Wasatch patients, who received loans through Momnt to fund their treatment with Wasatch, complained to Momnt that they had not received the medical services promised by Wasatch. Compl. ¶ 21.
- Momnt has received multiple complaints from Wasatch patients claiming that they were not aware that they were completing an application for a loan through Momnt and/or that representatives of Wasatch (rather than the patients themselves) had completed the loan application. Compl. ¶ 26.
- Wasatch has failed to cooperate with the investigation of several complaints from Wasatch customers. Compl. ¶ 28.
- Pursuant to Section 7(a)(i) of the Operating Instructions, Wasatch agreed to refund, upon demand by Momnt, the amount of any loan plus any finance charges related to a loan if the loan is fraudulent or the credit application is

subject to any claim of illegality or cancellation, including negligence, fraud, misrepresentation, or dishonesty on the part of the borrower or Wasatch. Compl. ¶ 23.

- Operating Instructions Section 7(a)(ii) states that if a borrower disputes the delivery, quality, or performance of the services provided by Wasatch, Wasatch will refund the money for the loan upon demand. Compl. ¶ 24.
- Section 1(a)(v) of the Operating Instructions requires Wasatch to take reasonable measures to prevent fraudulent activity by an applicant, including verifying the identification of each individual applying for a credit product. Compl. ¶ 25.
- Section 1(a)(vi) of the Operating Instructions requires Wasatch to cooperate with Momnt in connection with investigating and remediating escalations, complaints, and disputes about Wasatch. Compl. ¶ 27.
- By email dated June 5, 2023, Wasatch approved refunds for all patient financing occurring within the prior 120 days. Compl. ¶ 29.
- However, when Momnt attempted to initiate those refunds by debiting accounts for the respective clinics at issue, Momnt was unable to complete the debits because the accounts did not allow debits. Compl. ¶ 30.

- Accordingly, on June 7, 2023, Momnt demanded that Wasatch immediately permit all clinic accounts to be debited by Momnt for financings that had occurred over the prior 120 days. Compl. ¶ 31.
- On June 9, 2023, one of Wasatch's principals, Robert Duncan, represented that Wasatch had run out of money and there was no money in the accounts for the promised refunds. Mr. Duncan indicated that Wasatch had shut down all of its 42 clinics and no Wasatch patients were receiving any treatment. Compl. ¶ 32.

## II. <u>CITATION OF AUTHORITIES</u>

Entry of default judgment under the Federal Rules of Civil Procedure is a two-step process. *Illinois Tool Works, Inc. v. Hybrid Constr., Inc.*, 817 F. Supp. 2d 1351, 1355 (N.D. Ga. 2011). First, default must be entered by the Clerk of the Court. *Id.* In this case, the Clerk entered default on July 26, 2023. Next, the party seeking default must move the Court for entry of default judgment. *Id.*

A defendant who has defaulted is deemed to have admitted the plaintiff's well-pleaded allegations. *Eagle Hosp. Physicians, LLC v. SRG Consulting*, 561 F.3d 1298, 1307 (11th Cir. 2009). In addition, the Court may consider supporting affidavits. *James v. ZeelTV LLC*, No. 1:12–CV–2290–JEC, 2013 WL 5350879, at *2 (N.D. Ga. Sept. 23, 2013). The Court may also enter default judgment on

liability, and later convene a hearing on damages. *See Mitchell v. Thomas*, No. 1:18-CV-5808-MLB, 2022 WL 1421770, at *3-4 (N.D. Ga. May 5, 2022); *IOU Cent., Inc. v. Kailani Tours Hawaii, LLC*, No. 1:20-CV-0448-LMM, 2021 WL 806340, at *3 (N.D. Ga. Feb. 24, 2021); *Brown v. M&R Home Sols., LLC*, No. 1:18-CV-01058-SCJ, 2019 WL 12384802, at *3 (N.D. Ga. July 25, 2019).

In light of the well-pleaded facts recited above, Plaintiff is entitled to judgment in its favor for breach of contract and conversion. *See Consolidated Container Company LP v. Package Supply & Equipment Co., Inc.*, No. No. 1:09–cv–01478–JOF, 2009 WL 3365949, at *2 (N.D. Ga. Oct. 19, 2009) (granting default judgment for unpaid invoices and interest where complaint included contract and invoices setting forth basis for amount sought). Plaintiff is also entitled to recovery of attorney's fees and equitable relief against Wasatch.

**A. Wasatch Is Liable to Momnt for Breach of Contract.**

As the well-pleaded facts show, Wasatch is liable to Momnt for breach of contract. *See Norton v. Budget Rent A Car System*, 307 Ga. App. 501, 502 (2010) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.").

First, Momnt and Wasatch entered into the Merchant Agreement, which is valid and binding.

Second, Momnt tendered full performance of its obligations under the Merchant Agreement.

Third, Wasatch breached its obligations to Momnt by:

(1) failing to refund the loan proceeds upon demand for its customers who disputed the delivery, quality, or performance of the services provided by Wasatch;

(2) failing to refund, upon demand by Momnt, the amount of any loan plus any finance charges related to a loan if the loan is fraudulent or the credit application is subject to any claim of illegality or cancellation, including negligence, fraud, misrepresentation, or dishonesty on the part of the borrower or Wasatch;

(3) failing to take reasonable measures to prevent fraudulent activity by an applicant, including verifying the identification of each individual applying for a credit product; and

(4) failing to cooperate with Momnt in connection with investigating and remediating escalations, complaints, and disputes about Wasatch.

Fourth, as a direct and proximate consequence of Wasatch's breaches of its obligations, Momnt has suffered actual damages, including damage to its reputation and good will, in an amount exceeding $75,000, which will be proved at a subsequent damages hearing. Momnt's preliminary estimate of its minimum damages resulting from Wasatch's breach of contract totals $8,472,642.09. *See* Wasatch Medical Group Financial Exposure Executive Summary, attached hereto as Exhibit A.

**B. Wasatch Is Liable to Momnt for Conversion.**

Wasatch is also liable to Momnt for conversion. *See Bo Phillips Co. v. R.L. King Properties, LLC,* 336 Ga. App. 705, 707 (2016) ("To establish a prima facie case for conversion, the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property.") (citations omitted). Wasatch has engaged in an unauthorized assumption and exercise of the right of ownership over the loan proceeds by not permitting the proceeds to be refunded upon demand. Momnt demanded refund of the loan proceeds on June 7, 2023. To date, Wasatch has failed to refund the loan proceeds. Wasatch's use and possession of and other act of dominion over the loan proceeds, and refusal to refund the loan proceeds constitutes conversion.

**C. Wasatch Is Liable to Momnt for Attorney's Fees.**

Plaintiff also seeks to recover its attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11. That statute permits the recovery of attorney's fees where the defendant has "acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Plaintiff has incurred significant attorney's fees and litigation expenses in this case. Courts have granted default judgments under O.C.G.A. § 13-6-11 where, as here, the defendant "forced Plaintiff to resort to litigation to collect a debt it plainly owed." *Consolidated Container*, 2009 WL 3365949, at * 2 (citing *Hope Elec. Enters., Inc. v. Proforce Staffing, Inc.*, 268 Ga. App. 302, 304, 601 S.E.2d 723 (2004)). Accordingly, Momnt should be awarded its attorney's fees pursuant to O.C.G.A. § 13-6-11.

**D. Momnt Is Entitled to Equitable Relief Against Wasatch.**

In addition, based on the undisputed facts, Momnt is entitled to equitable relief against Wasatch in the form of (i) an accounting from Wasatch so Momnt's rights can be protected; (ii) a constructive trust against the assets of Wasatch, pursuant to O.C.G.A. § 53-12-132(a); (iii) appointment of a receiver, pursuant to 28 U.S.C. § 754; and/or (iv) injunctive relief.

Federal law governs the appointment of a receiver in a case based on diversity jurisdiction. *See Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289,

1292 (11th Cir. 1998). Federal courts have inherent equitable power to appoint a receiver to manage a defendant's assets during the pendency of litigation. *See In re McGaughey*, 24 F.3d 904, 907 (7th Cir. 1994). Once appointed, the receiver is vested with complete jurisdiction and control of the property in any district. *See* 28 U.S.C. § 754 ("A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.").

Equitable principles support appointing a receiver in this case. The factors federal courts consider in deciding whether to appoint a receiver include: "[1] a valid claim by the party seeking the appointment; [2] the probability that fraudulent conduct has occurred or will occur to frustrate that claim; [3] imminent danger that property will be concealed, lost or diminished in value; [4] inadequacy of legal remedies; [5] lack of a less drastic equitable remedy; and [6] likelihood that appointing the receiver will do more good than harm." *Otero v. Vito*, No. 5:07-cv-405, 2008 WL 4004979, at *3 (M.D. Ga. Aug. 25, 2008) (citing *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993)); *see also Bookout v. Atlas Fin. Corp.*, 395 F. Supp. 1338, 1341 (N.D. Ga. 1974) (same).

Here, the well-pleaded facts, as admitted by Wasatch's default, demonstrate (1) that Momnt has a valid claim for breach of contract and conversion to seek the appointment of a receiver; (2) a probability that Wasatch's conduct will frustrate those claims; (3) imminent danger that Wasatch's property, or what remains of it, will be lost; (4) inadequacy of legal remedies to Momnt in the event that Wasatch disposes of its remaining property; (5) a lack of a less drastic equitable remedy; and (6) a likelihood that appointing a receiver for Wasatch will do more good than harm. Accordingly, the Court should appoint a receiver for Wasatch.

## III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests a judgment in its favor and against Wasatch on liability for breach of contract and conversion, in addition to an award of attorney's fees and equitable relief. Plaintiff further requests a hearing on its damages.

Respectfully submitted, this 6th day of September, 2023.

**MORRIS, MANNING & MARTIN, LLP**

By: */s/ Eric A. Larson*
Jeffrey K. Douglass
Georgia Bar No. 227523
Eric A. Larson
Georgia Bar No. 800631

*Attorneys for Momnt Technologies, Inc.*

1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
jkd@mmmlaw.com
elarson@mmmlaw.com

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, this is to certify that the foregoing **BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing document was prepared on a computer using the Times New Roman font (14 point).

*/s/ Eric A. Larson*
Eric A. Larson
Georgia Bar No. 800631

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| MOMNT TECHNOLOGIES, INC. | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No. 1:23-cv-02832-SCJ |
| | ) | |
| v. | ) | |
| | ) | |
| WASATCH MENS GROUP, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the foregoing **BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**, by mailing a copy to the Defendant's registered agent for service of process, addressed as follows:

Wasatch Mens Group, LLC
c/o Main Street Registered Agent, Inc.
1883 West Royal Hunte Dr. Ste. 200
Cedar City, UT 84720

This 6th day of September, 2023.

*/s/ Eric A. Larson*
Eric A. Larson
Georgia Bar No. 800631